ORIGINAL

NORTH LAS VEGAS CITY ATTORNEY
Jeffrey F. Barr, Nevada Bar No.7269
City Attorney
Claudia E. Aguayo, Nevada Bar No. 8351
Deputy City Attorney
2250 Las Vegas Blvd. North, Suite 810
North Las Vegas, Nevada 89030
Telephone: (702) 633-1050
Facsimile: (702) 649-8879
*Attorneys for City of North Las Vegas and the Custodian of Records for the North Las Vegas Police Department*

2013 MAR -5 P 2:49

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEVADA**

In re Grand Jury Subpoenas Duces Tecum

Grand Jury Subpoena Duces Tecum Nos. 10-1-2539 and 10-1-2381

**MOTION TO QUASH GRAND JURY SUBPOENAS DUCES TECUM**

The City of North Las Vegas and the Custodian of Records for the North Las Vegas Police Department, pursuant to Fed. R. Crim. P. 17(c), move to quash Grand Jury Subpoenas Duces Tecum numbers 10-1-2539 and 10-1-2381, each addressed to the Custodian of Records for the North Las Vegas Police Department. This motion is based on the pleadings and papers filed in this case and the Points and Authorities that follow.

DATED this 5th day of March, 2013.

NORTH LAS VEGAS CITY ATTORNEY

BY: ______________________
Jeffrey F. Barr, Nevada Bar No.7269
Claudia E. Aguayo, Nevada Bar No. 8351
2250 Las Vegas Blvd. North, Suite 810
North Las Vegas, Nevada 89030
*Attorneys for City of North Las Vegas and the Custodian of Records for the North Las Vegas Police Department*

## POINTS AND AUTHORITIES

### I. INTRODUCTION

On or about December 3, 2012, Lisa Watson, Special Agent for the United States ("the U.S."), faxed[1] Subpoena Duces Tecum number 10-1-2381 to attorneys for the City of North Las Vegas and North Las Vegas Police Department Custodian of Records ("the Police Department"). Exhibit 1 ("Ex. 1"). The subpoena duces tecum sought "documentation related to any allegations of misconduct or findings of untruthfulness, to include Giglio [sic] or Brady [sic] material, for Timothy Eaton, Hollis Salahuddin, Sandra Kang, and Francis Hanson, for the duration of their employment with the North Las Vegas Detention Center." Ex. 1. The subpoena listed a compliance deadline of January 15, 2013 at 4:00 p.m. Ex. 1.

On or about January 8, 2013, the Police Department responded in writing to the subpoena, explaining that Eaton, Kang, and Hanson had no misconduct formally alleged or sustained against them. Exhibit 2 ("Ex. 2"). The Police Department further explained that Salahuddin had a number of misconduct violations formally charged against her, including Aiding Escape, General Use (Computer), two charges of Employee Conduct, Unprofessional Conduct, and Inmate Interaction. After arbitration, however, only one charge, Inmate Interaction, was sustained. Ex. 2.

On or about February 12, 2013, Assistant U.S. Attorney Ryan Murguia telephonically contacted counsel for the Police Department, Deputy City Attorney Claudia Aguayo, to request that all documentation related to allegations of misconduct against Eaton, Salahuddin, Kang, and Hanson be turned over to the Federal Government. The Police Department's attorney objected on grounds that officer internal affairs records are confidential and privileged. The Police Department nevertheless offered to stipulate to an in-camera review of its records by the district court. The U.S. refused, asserting that the U.S. was entitled to review each

[1] Each of the subpoenas at issue was faxed and not served by a non-party 18 years or older, as required by Fed. R. Crim. P. 17(d).

officer's personnel record for any potentially relevant information. The parties agreed to conduct additional research and discuss the matter further.

On or about February 21, 2013, Special Agent Watson faxed Subpoena Duces Tecum number 10-1-2528 to attorneys for the Police Department. Exhibit 3 ("Ex. 3"). The subpoena duces tecum sought "all documentation and/or reports contained within the IAPro system, related to the November 29, 2008 use of force incident involving Correctional Officer Stuart Johnson and inmate Doyle Hedger." Ex. 3. The subpoena listed a compliance deadline of February 26, 2013 at 4:00 p.m (three business days later). Ex. 3.

On the following day, February 22, 2013, the government faxed Subpoenas Duces Tecum numbers 10-1-2530 and 10-1-2539 to attorneys for the Police Department. Subpoena number 10-1-2530 sought documentation in the Police Department's Offender Track system related to the November 29, 2008 use of force incident involving former Correctional Officer Stuart Johnson and inmate Doyle Hedger. Exhibit 4 ("Ex. 4"). Subpoena number 10-1-2539 sought "the entire Policy and Procedure manual used by North Las Vegas Detention Center Correctional Officers and Employees. [Specifically,] the Manual version which would have been current in November 2008." Exhibit 5 ("Ex. 5"). Both subpoenas listed a compliance deadline of February 26, 2013 at 4:00 p.m (two business days later). Ex. 4, 5.

On or about February 25, 2013, attorneys for the Police Department and the U.S. again spoke telephonically regarding all four subpoenas. The Police Department agreed to provide the Offender Track records requested.[2] The Police Department also agreed to provide its police policy manual, which was available to the public online. The Police Department later agreed to provide the requested IAPro records. The Police Department, however, objected to the request for police procedure manuals under subpoena number 10-1-2539, as such manuals are confidential and protected by the law enforcement privilege. In addition, the Police Department objected that the subpoena was overbroad, as it sought the entire employee procedure

[2] Those records were provided to the U.S. on March 4, 2013.

manual, rather than a specific policy related to the case. The Police Department notified Mr. Murguia that it would be filing a motion to quash the subpoenas seeking confidential peace officer personnel records and confidential law enforcement manuals. Because of the short time for set for compliance on the subpoenas, the parties agreed that the Police Department's motion to quash could be filed after the compliance date listed on the subpoenas.

The Police Department now moves to quash Grand Jury Subpoena numbers 10-1-2381 and 10-1-2539. Grand Jury Subpoena number 10-1-2381 seeks an officer's internal affairs record. That subpoena is unreasonable and oppressive and should be quashed, as it seeks confidential information, intrudes on Officer Salahuddin's privacy interests, violates officers' Fifth Amendment rights, and seeks irrelevant information. Grand Jury Subpoena number 10-1-2539 seeks a confidential police procedure manual. That subpoena is also unreasonable and oppressive and should also be quashed, as law enforcement procedure manuals are protected by the law enforcement privilege, the subpoena is overbroad, and the U.S. cannot demonstrate that the manual is relevant or material to its investigation.

## II. ARGUMENT

### A. GRAND JURY SUBPOENA NUMBER 10-1-2381, WHICH SEEKS OFFICER SALAHUDDIN'S INTERNAL AFFAIRS RECORD, SHOULD BE QUASHED BECAUSE THE CITY'S INTEREST IN KEEPING SUCH RECORDS CONFIDENTIAL OUTWEIGHS THE GRAND JURY'S INTEREST IN CONDUCTING A BLIND FISHING EXPEDITION.

Although the grand jury has broad powers, "the powers of the grand jury are not unlimited and are subject to the supervision of a judge." *Branzburg v. Hayes*, 408 U.S. 665, 688, 92 S.Ct. 2646, 33 L.Ed.2d 626 (1972); *United States v. R. Enterprises, Inc.*, 498 U.S. 292, 299, 111 S. Ct. 722, 727, 112 L. Ed. 2d 795 (1991) ("The investigatory powers of the grand jury are ... not unlimited. ... Grand juries are not licensed to engage in arbitrary fishing expeditions..." ). The grand jury's investigatory powers are subject to the limit imposed by Rule 17(c) of the Federal Rules of Crim. Proc., which provides that "the court on motion made promptly may quash or modify the subpoena if compliance would be unreasonable or oppressive." *See R. Enterprises*

at 299. A grand jury subpoena is presumed to be reasonable and the burden of showing unreasonableness is on the recipient who seeks to avoid compliance. *Id.* at 301.

"[W]hat is reasonable depends on the context." *Id.* at 299 (internal quotation marks omitted). Rule 17(c) "requires the district court to balance the burden of compliance, on the one hand, against the governmental interest in obtaining the documents on the other." *Id.* at 303. The reasonableness of a subpoena can depend on a number of factors. *Id.* at 305-06. Significant intrusions on privacy interests or other confidential information can be valid reasons for challenging a grand jury subpoena duces tecum. *Id.* A subpoena may also be unreasonable or oppressive under Rule 17(c) if it is irrelevant. *Id.* at 301. Subpoenas may also be unreasonable or oppressive if they are excessively broad. *See In re Grand Jury Proceedings*, 601 F.2d 162, 165 (5th Cir.1979). The inquiry into the reasonableness of a particular subpoena "cannot be reduced to formula; for relevancy and adequacy or excess in the breadth of the subpoena are matters variable in relation to the nature, purposes and scope of the inquiry." *Okla. Press Pub. Co. v. Walling*, 327 U.S. 186, 209, 66 S.Ct. 494, 90 L.Ed. 614 (1946).

Grand Jury Subpoena number 10-1-2381 should be quashed, as it seeks confidential information, intrudes on Officer Salahuddin's privacy interests, violates officer's Fifth Amendment rights, and seeks irrelevant information. That subpoena seeks records relating to allegations of officer misconduct. As officers Eaton, Kang, and Hanson have had no formal charges of misconduct alleged against them during their time with the Police Department, the request ultimately concerns only the internal affairs records of former Detention Officer Salahuddin.

Officer internal affairs records are confidential and protected by privilege. *See Sanchez v. City of San Jose*, 250 F.R.D. 468, 470 (N.D. Cal. 2008) (A right of privacy exists with respect to confidential law enforcement records.); *See also In re Dept. of Investigation of City of New York*, 856 F.2d 481, 483íÓ484 (2d Cir. 1988) (Records of commission appointed to investigate conduct of city official were privileged from

disclosure under the law-enforcement privilege.). *See also United States v. Cadet*, 727 F.2d 1453, 1467 (9th Cir. 1984) (Given the privacy concerns in situations involving officer personnel records, a court abuses its discretion when it orders disclosure of an officer's entire personnel file without first conducting an in camera inspection.). The interests of a police department in protecting the confidentiality of its internal affairs records justify quashing a grand jury subpoena. *See In re Grand Jury, John Doe No. G.J.2005-2*, 478 F.3d 581, 588 (4th Cir. 2007) (Affirming district court's decision to quash grand jury subpoena on grounds that police department's interest in protecting its internal affairs records outweighed the interests of the U.S. in obtaining the records.) Compliance with the subpoena here would impede the Police Department's ability to conduct internal affairs investigations and violate Officer Salahuddin's privacy rights. Compliance would also be inconsistent with witness officers' Fifth Amendment rights. Internal affairs interviews are compulsory for employee officers. In return for compliance with internal affairs investigations, police officers are given certain expectations of confidentiality. Before any questioning occurs, a subject is informed that their statement will not be used against them in a subsequent criminal proceeding. Compliance with the subpoena here would potentially violate officers' Fifth Amendment rights and interfere with the Police Department's ability to conduct efficient and effective internal affairs investigations.

In *In re Grand Jury, John Doe No. G.J.2005-2*, a federal grand jury undertook an investigation to determine whether a use of force incident involving a police officer constituted a civil rights violation under 18 U.S.C. § 242 (2000) (deprivation of rights under color of law). *Id.* at 583. In connection with its investigation, the federal grand jury issued a subpoena duces tecum requiring the production of a local police agency's internal affairs records relating to the same incident. *Id.* The police department there moved to quash the subpoena on grounds that compliance would destroy the confidentiality of the internal investigation and undermine the department's ability to conduct such investigations effectively. *Id.* The department also contended that compliance would be inconsistent with the interviewed officers' Fifth Amendment rights against

self-incrimination. *Id.*

The district court granted the department's motion to quash the subpoena, finding that the department established that compliance would pose substantial risks for confidentiality and Fifth Amendment interests. *Id.* at 584. While noting that the interests of the grand jury would generally prevail, the district court held that the department's interests outweighed those of the United States, and thus compliance with the subpoena would be unreasonable under Rule 17(c). *Id.*

The United States appealed the decision and the Fourth Circuit Court of Appeals affirmed, holding that the district court acted well within its discretion when it balanced the interests of the local law enforcement agency against those of the federal government and found in favor of the police department. *Id.* at 586-87. In upholding the district court's decision to quash the subpoena, the appellate court recognized that internal affairs investigations "face an uphill battle due to the so-called 'blue wall,' the tendency of law enforcement officers to place solidarity above all else and to be less than fully cooperative with investigations of fellow officers." *Id.* at 586. "In such a setting, the confidentiality of internal investigations may be not only desirable but essential." *Id.* In such a context, the district court was permitted to recognize that handing internal affairs investigations over to an outside party or agency, including one involved in criminal investigations, would be perceived by cooperating officers as a serious compromise of confidentiality. *Id.* The Court reasoned that it was reasonable to quash a subpoena that arguably inflicted a lasting harm on a local law enforcement agency's ability to expose and deter police misconduct. *Id.* at 586-87. The Court held that the district court did not err in recognizing the local agency's interest in fostering the efficacy of internal investigations by protecting their confidentiality. *Id.* at 586-87.

Like the local law enforcement agency in *In re Grand Jury, John Doe No. G.J.2005-2*, the Police Department's interests here outweigh those of the U.S. The Police Department has a significant interest in preserving the confidentiality of its investigations. As noted above, police officers tend to place solidarity

above all else and tend to be less than cooperative with law enforcement investigations of fellow officers. The confidentiality of internal investigations is therefore essential. Handing internal affairs investigations over to an outside party or agency, including one involved in criminal investigations, would be perceived by cooperating officers as a serious compromise of confidentiality. Compliance with the subpoena would therefore inflict a lasting harm on the Police Department's ability to conduct internal affairs investigations in an efficient and effective manner.

Furthermore, the Police Department's compliance with the subpoena would burden the Police Department's significant interest in forestalling the potential violation of officers' Fifth Amendment right against self-incrimination. As discussed above, officers provide statements in exchange for the assurance that their statement will be kept confidential and not be used against them in a subsequent criminal matter. This case is not as simple as a grand jury subpoenaing an alleged law-breaker. Rather, it reflects a tension between two law enforcement interests.

The United States' interest in Officer Salahuddin, on the other hand, is not as compelling. First, the U.S. has available to it an exceedingly simple alternative to obtaining this information – subpoenaing the officers directly. Second, the U.S. has even less of an interest in officer personnel records here than it did in *In re Grand Jury, John Doe No. G.J.2005-2.* Unlike that case, the records sought here do not even involve the use of force incident that is the subject of the grand jury investigation. Officer Salahuddin is not the subject of the grand jury investigation here. The grand jury is merely attempting to go on a blind fishing expedition of a witness officer's personnel record, to see what it may recover. Salahuddin has never been charged with any allegations of truthfulness, nor have any such charges ever been sustained against her. The U.S. therefore can make no showing of relevance or materiality that would outweigh the Police Department's interests in keeping their internal affairs records confidential.

Given the importance of the effective and efficient operation of the Police Department's internal affairs office and the relative ease with which the grand jury may avoid hampering that effectiveness and efficiency by subpoenaing witnesses directly, the Police Department's Motion should be granted , and Subpoena Duces Tecum 10-1-2381 should be quashed.

B. GRAND JURY SUBPOENA NUMBER 10-1-2539 IS UNREASONABLE AND OPPRESSIVE AND SHOULD ALSO BE QUASHED, AS LAW ENFORCEMENT PROCEDURE MANUALS ARE CONFIDENTIAL AND PROTECTED BY THE LAW ENFORCEMENT PRIVILEGE.

Grand Jury Subpoena Duces Tecum number 10-1-2539 should also be quashed, as the police procedure manual sought is protected by the law enforcement privilege, the subpoena is overbroad, and the U.S. cannot demonstrate that the manual is relevant or material to its investigation. Law enforcement manuals are not subject to subpoena because they are protected by the law enforcement privilege. *See In re Dep't of Investigation*, 856 F.2d 481, 483-84 (2d Cir. 1988). The purpose of the law enforcement privilege is "to prevent disclosure of law enforcement techniques and procedures, to preserve the confidentiality of sources, to protect witness and law enforcement personnel, to safeguard the privacy of individuals involved in an investigation, and otherwise to prevent interference with an investigation." *Id.* at 484. Subpoenas seeking information protected by the law enforcement privilege should be quashed. *See United State v. Orena*, 883 F.Supp. 849, 866-68 (E. D. N. Y. 1995) (quashing subponeas seeking disclosure of law enforcement techniques and procedures because such information is protected by the law enforcement privilege).

In *Hardy v. Bureau of Alcohol, Tobacco, and Firearms*, 631 F.2d 653, 654-57 (9th Cir. 1980), the Ninth Circuit Court of Appeals barred disclosure of a Bureau of Alcohol, Tobacco, and Firearms manual entitled "Raids and Searches (Special Agent Basic Training--Criminal Enforcement)." The Court held that "law enforcement materials, disclosure of which may risk circumvention of agency regulation, are exempt from disclosure." *Id.* at 657. Other courts have also determined that law enforcement manuals should not be disclosed. *See, e.g., Cox v. Levi*, 592 F.2d 460, 463 (8th Cir. 1979) (FBI manuals constituted "'law enforcement'

matters, disclosure of which would impede law enforcement efforts."); *U.S. v. Judge*, 864 F.2d 1144, 1147 (5th Cir. 1989) (DEA manual "not subject to public disclosure."); and *Shay v. Mullen*, 215 A.D.2d 935, 626 N.Y.S.2d 580, 581-82 (1995) (preventing prosecutors from disclosing alcohol test manuals was warranted based on confidentiality).

The manuals sought here are protected by the law enforcement privilege. These manuals are kept confidential by the Police Department because they contain information regarding the investigative methodology of the North Las Vegas Police Department. A police department's interest in not permitting the general public to have access to such materials is weighty. Legitimate law enforcement efforts could be frustrated and the lives of officers could be endangered if anyone who wanted to could learn details about how officers are trained to accomplish their missions in specific situations. Releasing information contained in the Police Department "play book" would compromise the confidential nature of these documents and increase the risk of dissemination. Disclosure of these methods would endanger police operations and risk circumvention of the law. Such information is kept strictly confidential so as to protect officers. Disclosure to outside parties would prejudice the possibility of effective and efficient law enforcement. Such risks should not be taken, especially when the U.S. has made no showing that the information contained in the North Las Vegas procedures manuals is either relevant or necessary to its case. Furthermore, the grand jury's subpoena here is overbroad, as it seeks the entire employee procedure manual, rather than a specific policy related to the case. Again, it appears as though the grand jury is simply on a blind fishing expedition to see what it may find. Such a fishing expedition is prohibited and cannot outweigh the Police Department's legitimate interest in keeping its manuals confidential. Compliance with Defendant's subpoena would be unreasonable and oppressive. Accordingly, Grand Jury Subpoena Duces Tecum number 10-1-2539 should be quashed.

///

///

## III. CONCLUSION

For the foregoing reasons, this Court should quash Grand Jury Subpoenas Duces Tecum Numbers 10-1-2539 and 10-1-2381.

DATED this 5th day of March, 2013.

NORTH LAS VEGAS CITY ATTORNEY

BY: ______________________________

Jeffrey F. Barr, Nevada Bar No.7269
Claudia E. Aguayo, Nevada Bar No. 8351
2250 Las Vegas Blvd. North, Suite 810
North Las Vegas, Nevada 89030
Telephone: (702) 633-1050
Facsimile: (702) 649-8879
*Attorneys for City of North Las Vegas and the Custodian of Records for the North Las Vegas Police Department*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of a true and correct copy of the foregoing **MOTION TO QUASH GRAND JURY SUBPOENAS DUCES TECUM** was made on the 5th day of March, 2013, as indicated below:

_√_ By first class mail, postage prepaid from Las Vegas, Nevada pursuant to N.R.C.P. 5(b) addressed as follows

___ By facsimile, pursuant to EDCR 7.26 (as amended)

___ By hand delivery

___ By e-mail transmission

To the parties listed below:

Nicholas D. Dickinson
Assistant United States Attorney
333 Las Vegas Blvd. South, Suite 5000
Las Vegas, Nevada 89101

[signature]
An Employee of North Las Vegas
City Attorney's Office

1

Subpoena # 5
10-1-2381

# UNITED STATES DISTRICT COURT

for the

District of Nevada

SUBPOENA TO TESTIFY BEFORE A GRAND JURY

TO: **North Las Vegas Police Department**
Attn: Custodian of Records
1301 East Lake Mead Boulevard
North Las Vegas, NV 89030

**YOU ARE COMMANDED** to appear in this United States district court at the time, date, and place shown below to testify before the court's grand jury. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place: LLOYD D. GEORGE COURTHOUSE<br>333 Las Vegas Blvd. South<br>Las Vegas, Nevada 89101 | Date and Time: January 15, 2013<br>4:00 p.m. |
|---|---|

You must also bring with you the following documents, electronically stored information, or objects *(blank if not applicable)*:

Please provide documentation related to any allegations of misconduct or findings of untruthfulness, to include Giglio and Brady material, for Timothy Eaton, Hollis Salahuddin, Sandra Kang, and Francis Hanson, for the duration of their employment with the North Las Vegas Detention Center.

**PLEASE ENCLOSE A COPY OF THIS SUBPOENA WITH THE RETURNED DOCUMENTS**
IN LIEU OF PERSONAL APPEARANCE, THESE RECORDS MAY BE MAILED TO THE ASSISTANT UNITED STATES ATTORNEY, IN CARE OF PAM MRENAK, AT THE ADDRESS REFLECTED BELOW.
IF ORIGINAL DOCUMENTS, PLEASE SEND VIA REGISTERED MAIL.

| Date: January 3, 2013<br>NDD:LWatson:FBI:mt<br>(2009R01134) | *LANCE S. WILSON*<br>**CLERK OF COURT (BY)**<br>*Deputy Clerk*  |
|---|---|

The name, address, e-mail, and telephone number of the United States attorney, or assistant United States attorney, who requests this subpoena, are:

DANIEL G. BOGDEN
United States Attorney

NICHOLAS D. DICKINSON
Assistant United States Attorney
333 Las Vegas Boulevard South, Suite 5000
Las Vegas, Nevada 89101
702-388-6336 or 800-539-8002



**U.S. Department of Justice**

*United States Attorney*
*District of Nevada*

*333 Las Vegas Boulevard, South*
*Suite 5000*
*Las Vegas, Nevada 89101*

*(702) 388-6336*
*FAX: (702) 388-6020*

**NONDISCLOSURE**

PLEASE DO NOT DISCLOSE THE EXISTENCE OF THE ACCOMPANYING GRAND JURY SUBPOENA FOR AN INDEFINITE PERIOD. PURSUANT TO RULE 6 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE, YOU HAVE NO OBLIGATION OF SECRECY CONCERNING THIS SUBPOENA; HOWEVER, ANY SUCH DISCLOSURE COULD OBSTRUCT AND IMPEDE AN ONGOING CRIMINAL INVESTIGATION AND THEREBY INTERFERE WITH THE ENFORCEMENT OF THE LAW.

FD-448
Revised
10-27-2004

FEDERAL BUREAU OF INVESTIGATION
# FACSIMILE COVER SHEET

**PRECEDENCE**

( ) Immediate ( ) Priority (•) Routine

**CLASSIFICATION**

( ) Top Secret ( ) Secret ( ) Confidential ( ) Sensitive (•) Unclassified

**TO**

| Name of Office: | Facsimile Number: | Date: |
|---|---|---|
| **North Las Vegas City Attorney's Office** | **702-649-8879** | **12/03/2012** |

| Attn: | Room: | Telephone Number: |
|---|---|---|
| **Deputy City Attorney, Claudia Aguayo** | | **702-633-1053** |

**FROM**

| Name of Office: | | Number of Pages: (including cover) |
|---|---|---|
| **Las Vegas** | | **3** |
| Originator's Name: | Originator's Telephone Number: | Originator's Facsimile Number: |
| **SA Lisa Watson** | **702-584-5574** | **702-584-5642** |

Approved:

**DETAILS**

Subject:
**Subpoena**

Special Handling Instructions:
**subpoena also faxed to Tim Meamber**

Brief Description of Communication Faxed:

**WARNING**

Information attached to the cover sheet is U.S. Government Property. If you are not the intended recipient of this information disclosure, reproduction, distribution, or use of this information is prohibited (18.USC, § 641). Please notify the originator or local FBI Office immediately to arrange for proper disposition.

2



NORTH LAS VEGAS

POLICE

**JOSEPH CHRONISTER**
CHIEF OF POLICE

January 8, 2013

Attn: Federal Bureau of Investigation
SA Lisa Watson

Re: Grand Jury Subpoena for Misconduct Documentation

Attached are the findings of the North Las Vegas Police Department in response to your request for information regarding misconduct allegations or findings of untruthfulness, to include Giglio and Brady material.

If you have any questions or concerns, please contact Lieutenant Tim Meamber at 633-1819.

Sincerely,

Joseph Chronister
Chief of Police

By:
Tim Meamber
Lieutenant - Internal Affairs Bureau

Enclosures: Summary

CITY OF
NORTH LAS VEGAS

Rev. 2/08 1301 East Lake Mead Blvd., North Las Vegas, Nevada 89030, 702.633.9111, www.cityofnorthlasvegas.com, TDD 800.326.6868

# SUMMARY OF REQUEST

The following was found:

| Employee Name & P# | Allegations | Findings - Untruthfulness | Synopsis (if required) |
|---|---|---|---|
| T. Eaton P#935 | None | N/A | |
| S. Kang P#1856 | None | N/A | |
| F. Hanson P#1388 | None | N/A | |
| H. Salahuddin P#1858 | Reporting for Duty (7/2009) | None | |
| | - Aiding Escape<br>- General Use (Computer)<br>- Employee Conduct<br>- Unprofessional Conduct<br>(12/2009) | None | Employee terminated 4/2010 for the combination of these sustained misconduct allegations, as well as those following in 2/2010. Subsequent arbitration ruling upheld termination, but only for violation of Inmate Interaction. Though no Truthfulness was alleged throughout investigations, arbitrator noted Salahuddin's failure to be forthcoming. |
| | - Inmate Interaction<br>- Employee Conduct<br>(2/2010) | | |

CITY OF NORTH LAS VEGAS

Rev. 2/08

1301 East Lake Mead Blvd., North Las Vegas, Nevada 89030, 702.633.9111, www.cityofnorthlasvegas.com, TDD 800.326.6868

3

**Subpoena #**
**10-1-2528**

# UNITED STATES DISTRICT COURT
for the
District of Nevada

SUBPOENA TO TESTIFY BEFORE A GRAND JURY

TO: **North Las Vegas Police Department**
Attention: Custodian of Records
1301 East Lake Mead Boulevard
North Las Vegas, NV 89030

**YOU ARE COMMANDED** to appear in this United States district court at the time, date, and place shown below to testify before the court's grand jury. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place: LLOYD D. GEORGE COURTHOUSE<br>333 Las Vegas Blvd. South<br>Las Vegas, Nevada 89101 | Date and Time: February 26, 2013<br>4:00 p.m. |
|---|---|

You must also bring with you the following documents, electronically stored information, or objects *(blank if not applicable)*:

Please provide all documentation and/or reports contained within the IAPro system, related to the November 29, 2008 use of force incident involving Correctional Officer Stuart Johnson and inmate Doyle Hedger.

**PLEASE ENCLOSE A COPY OF THIS SUBPOENA WITH THE RETURNED DOCUMENTS**
IN LIEU OF PERSONAL APPEARANCE, THESE RECORDS MAY BE MAILED TO THE ASSISTANT UNITED STATES ATTORNEY, IN CARE OF PAM MRENAK, AT THE ADDRESS REFLECTED BELOW.
IF ORIGINAL DOCUMENTS, PLEASE SEND VIA REGISTERED MAIL.

| Date: February 20, 2013<br>NDD:LWatson:FBI:mt<br>(2009R01134) | *LANCE S. WILSON*<br>**CLERK OF COURT (BY)** *Deputy Clerk*  |
|---|---|

The name, address, e-mail, and telephone number of the United States attorney, or assistant United States attorney, who requests this subpoena, are:

DANIEL G. BOGDEN
United States Attorney

NICHOLAS D. DICKINSON
Assistant United States Attorney
333 Las Vegas Boulevard South, Suite 5000
Las Vegas, Nevada 89101
702-388-6336 or 800-539-8002



**U.S. Department of Justice**

*United States Attorney*
*District of Nevada*

*333 Las Vegas Boulevard, South*
*Suite 5000*
*Las Vegas, Nevada 89101*

*(702) 388-6336*
*FAX: (702) 388-6020*

**NONDISCLOSURE**

PLEASE DO NOT DISCLOSE THE EXISTENCE OF THE ACCOMPANYING GRAND JURY SUBPOENA FOR AN INDEFINITE PERIOD. PURSUANT TO RULE 6 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE, YOU HAVE NO OBLIGATION OF SECRECY CONCERNING THIS SUBPOENA; HOWEVER, ANY SUCH DISCLOSURE COULD OBSTRUCT AND IMPEDE AN ONGOING CRIMINAL INVESTIGATION AND THEREBY INTERFERE WITH THE ENFORCEMENT OF THE LAW.

FD-448
Revised
10-27-2004

FEDERAL BUREAU OF INVESTIGATION
# FACSIMILE COVER SHEET

## PRECEDENCE

( ) Immediate ( ) Priority (•) Routine

## CLASSIFICATION

( ) Top Secret ( ) Secret ( ) Confidential ( ) Sensitive (•) Unclassified

## TO

| Name of Office: | Facsimile Number: | Date: |
|---|---|---|
| North Las Vegas City Attorney | 702-649-8879 | 02/21/2013 |

| Attn: | Room: | Telephone Number: |
|---|---|---|
| Claudia Aguayo | | 702-633-1053 |

## FROM

| Name of Office: | Number of Pages: (including cover) |
|---|---|
| Las Vegas | 3 |

| Originator's Name: | Originator's Telephone Number: | Originator's Facsimile Number: |
|---|---|---|
| SA Lisa Watson | 702-584-5574 | 702-584-5642 |

Approved:

## DETAILS

Subject:

Special Handling Instructions:

Brief Description of Communication Faxed:

**WARNING**

Information attached to the cover sheet is U.S. Government Property. If you are not the intended recipient of this information disclosure, reproduction, distribution, or use of this information is prohibited (18.USC, § 641). Please notify the originator or local FBI Office immediately to arrange for proper disposition.

4

AO 110 (Rev. 01/09) Subpoena To Testify Before Grand Jury

**Subpoena #**
**10-1-2530**

# UNITED STATES DISTRICT COURT
for the
## District of Nevada

SUBPOENA TO TESTIFY BEFORE A GRAND JURY

TO: **North Las Vegas Police Department**
Attention: Custodian of Records
1301 East Lake Mead Boulevard
North Las Vegas, NV 89030

**YOU ARE COMMANDED** to appear in this United States district court at the time, date, and place shown below to testify before the court's grand jury. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place: LLOYD D. GEORGE COURTHOUSE<br>333 Las Vegas Blvd. South<br>Las Vegas, Nevada 89101 | Date and Time: February 26, 2013<br>4:00 p.m. |
|---|---|

You must also bring with you the following documents, electronically stored information, or objects *(blank if not applicable)*:

Please provide all documentation, reports, and/or log entries contained within the North Las Vegas Detention Center Offender Track System, or its equivalent, to include Supervisor Logs, Inmate Logs, and/or Unit Logs related to the November 29, 2008 use of force incident involving Correctional Officer Stuart Johnson and inmate Doyle Hedger.

**PLEASE ENCLOSE A COPY OF THIS SUBPOENA WITH THE RETURNED DOCUMENTS**
IN LIEU OF PERSONAL APPEARANCE, THESE RECORDS MAY BE MAILED TO THE ASSISTANT UNITED STATES ATTORNEY, IN CARE OF PAM MRENAK, AT THE ADDRESS REFLECTED BELOW.
IF ORIGINAL DOCUMENTS, PLEASE SEND VIA REGISTERED MAIL.

| Date: February 22, 2013<br>NDD:LWatson:FBI:mt<br>(2009R01134) | *LANCE S. WILSON*<br>**CLERK OF COURT (BY)** *Deputy Clerk*  |
|---|---|

The name, address, e-mail, and telephone number of the United States attorney, or assistant United States attorney, who requests this subpoena, are:

DANIEL G. BOGDEN
United States Attorney

NICHOLAS D. DICKINSON
Assistant United States Attorney
333 Las Vegas Boulevard South, Suite 5000
Las Vegas, Nevada 89101
702-388-6336 or 800-539-8002

AO 110 (Rev. 01/09) Subpoena To Testify Before Grand Jury

**Subpoena #**
**10-1-2539**

# UNITED STATES DISTRICT COURT
for the
District of Nevada

## SUBPOENA TO TESTIFY BEFORE A GRAND JURY

TO: **City of North Las Vegas**
Attention: Custodian of Records
2250 Las Vegas Boulevard North
North Las Vegas, NV 89030

**YOU ARE COMMANDED** to appear in this United States district court at the time, date, and place shown below to testify before the court's grand jury. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place: LLOYD D. GEORGE COURTHOUSE<br>333 Las Vegas Blvd. South<br>Las Vegas, Nevada 89101 | Date and Time: February 26, 2013<br>4:00 p.m. |
|---|---|

You must also bring with you the following documents, electronically stored information, or objects *(blank if not applicable)*:

Please provide the entire Policy and Procedure Manual used by North Las Vegas Detention Center Correctional Officers and employees. Please provide the Manual version which would have been current in November 2008.

**PLEASE ENCLOSE A COPY OF THIS SUBPOENA WITH THE RETURNED DOCUMENTS**
IN LIEU OF PERSONAL APPEARANCE, THESE RECORDS MAY BE MAILED TO THE ASSISTANT UNITED STATES ATTORNEY, IN CARE OF PAM MRENAK, AT THE ADDRESS REFLECTED BELOW.
IF ORIGINAL DOCUMENTS, PLEASE SEND VIA REGISTERED MAIL.

| Date: February 22, 2013<br>NDD:LWatson:FBI:mt<br>(2009R01134) | *LANCE S. WILSON*<br>**CLERK OF COURT (BY)**<br>*Deputy Clerk*  |
|---|---|

The name, address, e-mail, and telephone number of the United States attorney, or assistant United States attorney, who requests this subpoena, are:

DANIEL G. BOGDEN
United States Attorney

NICHOLAS D. DICKINSON
Assistant United States Attorney
333 Las Vegas Boulevard South, Suite 5000
Las Vegas, Nevada 89101
702-388-6336 or 800-539-8002



**U.S. Department of Justice**

*United States Attorney*
*District of Nevada*

*333 Las Vegas Boulevard, South*
*Suite 5000*
*Las Vegas, Nevada 89101*

*(702) 388-6336*
*FAX: (702) 388-6020*

**NONDISCLOSURE**

PLEASE DO NOT DISCLOSE THE EXISTENCE OF THE ACCOMPANYING GRAND JURY SUBPOENA FOR AN INDEFINITE PERIOD. PURSUANT TO RULE 6 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE, YOU HAVE NO OBLIGATION OF SECRECY CONCERNING THIS SUBPOENA; HOWEVER, ANY SUCH DISCLOSURE COULD OBSTRUCT AND IMPEDE AN ONGOING CRIMINAL INVESTIGATION AND THEREBY INTERFERE WITH THE ENFORCEMENT OF THE LAW.

FD-448
Revised
10-27-2004

FEDERAL BUREAU OF INVESTIGATION
# FACSIMILE COVER SHEET

**PRECEDENCE**

( ) Immediate ( ) Priority (•) Routine

**CLASSIFICATION**

( ) Top Secret ( ) Secret ( ) Confidential ( ) Sensitive (•) Unclassified

**TO**

| Name of Office: **North Las Vegas City Attorney** | Facsimile Number: **702-649-8879** | Date: **02/22/2013** |
|---|---|---|
| Attn: **Claudia Aguayo** | Room: | Telephone Number: **702-633-1053** |

**FROM**

| Name of Office: **Las Vegas** | | Number of Pages: (including cover) **4** |
|---|---|---|
| Originator's Name: **SA Lisa Watson** | Originator's Telephone Number: **702-584-5574** | Originator's Facsimile Number: **702-584-5642** |

Approved:

**DETAILS**

Subject:

Special Handling Instructions:

Brief Description of Communication Faxed:

**WARNING**

Information attached to the cover sheet is U.S. Government Property. If you are not the intended recipient of this information disclosure, reproduction, distribution, or use of this information is prohibited (18.USC, § 641). Please notify the originator or local FBI Office immediately to arrange for proper disposition.

5

02/22/2013 14:00 FAX 7023886418 US ATTORNEY'S OFFICE 003/004

AO 110 (Rev. 01/09) Subpoena To Testify Before Grand Jury Case 2:13-cv-00371-JCM-GWF Document 2 Filed 03/05/13 Page 30 of 31

**Subpoena #**
**10-1-2539**

# UNITED STATES DISTRICT COURT

for the

## District of Nevada

SUBPOENA TO TESTIFY BEFORE A GRAND JURY

TO: **City of North Las Vegas**
Attention: Custodian of Records
2250 Las Vegas Boulevard North
North Las Vegas, NV 89030

**YOU ARE COMMANDED** to appear in this United States district court at the time, date, and place shown below to testify before the court's grand jury. When you arrive, you must remain at the court until the judge or a court officer allows you to leave.

| Place: LLOYD D. GEORGE COURTHOUSE<br>333 Las Vegas Blvd. South<br>Las Vegas, Nevada 89101 | Date and Time: February 26, 2013<br>4:00 p.m. |
|---|---|

You must also bring with you the following documents, electronically stored information, or objects *(blank if not applicable)*:

Please provide the entire Policy and Procedure Manual used by North Las Vegas Detention Center Correctional Officers and employees. Please provide the Manual version which would have been current in November 2008.

**PLEASE ENCLOSE A COPY OF THIS SUBPOENA WITH THE RETURNED DOCUMENTS**
IN LIEU OF PERSONAL APPEARANCE, THESE RECORDS MAY BE MAILED TO THE ASSISTANT UNITED STATES ATTORNEY, IN CARE OF PAM MRENAK, AT THE ADDRESS REFLECTED BELOW.
IF ORIGINAL DOCUMENTS, PLEASE SEND VIA REGISTERED MAIL.

| Date: February 22, 2013<br>NDD:LWatson:FBI:mt<br>(2009R01134) | *LANCE S. WILSON*<br>**CLERK OF COURT (BY)**  *Deputy Clerk*  |
|---|---|

The name, address, e-mail, and telephone number of the United States attorney, or assistant United States attorney, who requests this subpoena, are:

DANIEL G. BOGDEN
United States Attorney

NICHOLAS D. DICKINSON
Assistant United States Attorney
333 Las Vegas Boulevard South, Suite 5000
Las Vegas, Nevada 89101
702-388-6336 or 800-539-8002

**U.S. Department of Justice**

*United States Attorney*
*District of Nevada*

*333 Las Vegas Boulevard, South*
*Suite 5000*
*Las Vegas, Nevada 89101*

*(702) 388-6336*
*FAX: (702) 388-6020*

## NONDISCLOSURE

PLEASE DO NOT DISCLOSE THE EXISTENCE OF THE ACCOMPANYING GRAND JURY SUBPOENA FOR AN INDEFINITE PERIOD. PURSUANT TO RULE 6 OF THE FEDERAL RULES OF CRIMINAL PROCEDURE, YOU HAVE NO OBLIGATION OF SECRECY CONCERNING THIS SUBPOENA; HOWEVER, ANY SUCH DISCLOSURE COULD OBSTRUCT AND IMPEDE AN ONGOING CRIMINAL INVESTIGATION AND THEREBY INTERFERE WITH THE ENFORCEMENT OF THE LAW.